FILED by DR D.C.
ELECTRONIC
**January. 3, 2013**
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

# UNITED STATES DISTRICT COURT
## for the
## Southern District of Florida

| | | |
|---|---|---|
| JENNY LONGMORE<br>    Plaintiff. | )<br>)<br>) | **13-60016-CV-Rosenbaum/Seltzer**<br>    Case No _____ |
| vs. | )<br>)<br>) | |
| FINANCIAL CORPORATION OF<br>AMERICA<br>    Defendant. | )<br>)<br>)<br>) | Trial By Jury Demanded |

## COMPLAINT

**Violations of the FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. § 1692 et seq, the FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559 and TELEPHONE CONSUMER PROTECTION ACT (TCPA) 47 U.S.C §27**

## JURISDICTION

1. This court has jurisdiction under 15 U.S.C §1692k(d), Fla. Stat. §47.051,and 47 U.S.C. §227(b)(3) and 28 U.S.C §1331. This court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C §1367.

2. All conditions precedent to the bringing of this action have been performed.

## PARTIES

3. The Plaintiff in this lawsuit is JENNY LONGMORE, (hereinafter "Plaintiff") a natural person, who resides in Broward County, Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. The Defendant in this lawsuit is FINANCIAL CORPORATION OF AMERICA (hereinafter "Defendant") who conducts business in Broward County, FL. and has offices at 12515 Research Blvd, Bldg 2, Austin, TX. 78720 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

5. Defendant regularly uses the mail and telephone in a business which the principal purpose is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as defined in the FDCPA.

8. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## VENUE

9. The occurrences which gave rise to this action occurred in Broward County, FL. and Plaintiff resides in Broward County, FL.

10. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §1391b and Fla. Stat. §559.77.

11. This is an action for damages which exceed $4,000.00

## FACTUAL ALLEGATIONS

12. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide credit offer of credit from the Defendant.

13. On August 11, 2011 Plaintiff received a Dunning Letter from Defendant claiming a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

14. On August 28, 2011 Plaintiff mailed Defendant a Letter know as a "VALIDATION OF DEBT LETTER" which requested a complete payment history; a breakdown of amount of claimed arrears of delinquencies. Plaintiff also requested a copy of any and all proofs of sale, proof of transfer and to whom. This letter specifically requested that Defendant **NOT** call Plaintiffs home, place of business or his cell phone.

15. After an initial correspondence with Plaintiff, Defendant has failed to send a letter to Plaintiff notifying him of his rights and privileges under the law.

16. Defendant has failed to provide any documentation detailing the purchases, payments, interest, and late charges, if any, thereby making it impossible for Plaintiff to determine whether or not he owes the alleged "debt" and whether the alleged "debt" was correctly calculated.

17. On December 21, 2012 Defendant received USPS Certified Letter # 7006 3450 0002 8745 4140 which was a "NOTICE OF PENDING LAWSUIT" sent by Plaintiff.

18. After an initial correspondence with Plaintiff, Defendant has failed to send a letter to Plaintiff notifying him of his rights and privileges under the law.

19. Defendant has failed to provide any documentation detailing the purchases, payments, interest, and late charges, if any, thereby making it impossible for Plaintiff to determine Whether or not he owes the alleged "debt" and whether the alleged "debt" was correctly calculated.

## COLLECTION CALLS

20. On September 27, 2011 Defendant (FINANCIAL CORPORATION OF AMERICA) willfully and knowingly called Plaintiff (JENNY LONGMORE) at her home using a "automatic telephone dialing system" in an attempt to collect this debt, which were "communications" as that term is defined by 15 U.S.C. § 1692a(2).

21. During this calls, Defendant willfully and knowingly left voicemails using an "automatic telephone dialing system" on Plaintiff's answering machine in an attempt to collect a debt.

## SUMMARY

22. All of the above – described collection communications made to Plaintiff by Defendant, and collection employees employed by Defendant, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to:

23. During its collection communications, Defendant and the individual debt collectors employed by Defendant failed to provide Plaintiff with the notice required by 15 U.S.C. § 1692(d), and 1692 U.S.C. § 1692e, amongst others.

24. The above –detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt were violations of numerous and multiple provisions of the FDCPA, including but not limited to all of the above – mentioned provisions of the FDCPA.

## CAUSES OF ACTION

### COUNT 1

### VIOLATIONS OF THE FAIR DEBT COLLECTIONS ACT
### 15 U.S.C. § 1692 et seq.

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The foregoing acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above – cited provisions of FDCPA, 15 U.S.C. § 1692 et seq.

27. As a result of the Defendants violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C § 1692k(a)(2)(a); and, reasonable attorneys' fees and cost pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

## COUNT 2

### FAILURE TO SEND WRITTEN NOTICE WITHIN 5 DAYS OF INITIAL COMMUNICATION

28. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

29. Defendant failed to send written notification within 5 days of its initial communication with Plaintiff, advising Plaintiff of his rights to dispute the debt or request verification of the debt in violation of 15 U.S.C § 1692g

## COUNT 3

### HARRASSMENT OR ABUSE

30. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

31. Defendant placed telephone call to Plaintiff. The above – detailed conduct by this Defendant's communications in an attempt to collect a debt is in violation of 15 U.S.C § 1692 d(5)

## COUNT 4

## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559(PART IV)

32. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

33. Defendant violated FCCPA, FLA. STAT§559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate.

## COUNT 5

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (TCPA) 47 U.S.C 227

34. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

35. Defendant violated TCPA 47 U.S.C. 227b(1)(A) by making a call (other than a call made for emergency purpose or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice.

## COUNT 6

## VIOLATION OF TELEPHONE COMSUMER PROTECTION ACT (TCPA) 47 U.S.C.

36. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

37. Defendant violated TCPA 47 U.S.C. 227b(1)(B) to initiate any telephone call to any residential telephone line using a artificial or prerecorded voice to deliver a message without the prior written consent of the called party.

**WHEREFORE**, Plaintiff (JENNY LONGMORE) request that judgment be entered against the Defendant (FINANCIAL CORPORATION OF AMERICA) for statutory damages together with attorneys fees and cost pursuant to 15 U.S.C. 1692,

## REQUEST FOR JURY

38. Plaintiff is entitled and hereby request a trial by jury

Dated: Jan 3, 2013

respectfully submitted,

Jenny Longmore
607 Nw 155 Terr
Pembroke Pines, Fl, 33028
(954) 871-1602
jennylongmore@comcast.net